IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BRANDI CAMERON,   :<br>:<br>:<br>   Plaintiff,   :<br>:<br>v.   :<br>:<br>:<br>LAGRANGE COLLEGE,   :<br>:<br>:<br>   Defendant.   : | CIVIL ACTION NO.<br>3:23-cv-00216-LMM |

# ORDER

This employment discrimination case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [37] recommending that Defendant's Motion for Summary Judgment [25] and Defendant's Motion for Leave to File Matters Under Seal [26] be granted. Plaintiff filed objections to the R&R. Dkt. No. [42]. Defendant has responded to Plaintiff's objections. Dkt. No. [43]. After due consideration, the Court enters the following Order.

**I.   LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's Report and Recommendations for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must review *de*

*novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.

Additionally, the Court recognizes that Plaintiff is appearing *pro se*. Thus, Plaintiff's filings are more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But nothing in that leniency excuses a plaintiff from complying with threshold requirements of the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## II.   DISCUSSION

Before discussing the merits of Defendant's Summary Judgment Motion, the Court first notes that Defendant moved for Leave to File Matters Under Seal [26], and the Magistrate Judge recommended granting this motion. See Dkt. No. [37] at 2–6. Plaintiff did not file an objection to this portion of the R&R. Therefore, the Court has reviewed the Magistrate Judge's decision on this motion for clear error and finds none. Accordingly, the Court adopts this portion of the R&R as the opinion of the Court and grants Defendant's Motion for Leave to File Matters Under Seal [26].

Moving to the merits of Defendant's Motion and the R&R, the Magistrate Judge recommended granting summary judgment to Defendant LaGrange College and dismissing all of Plaintiff's claims under Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA"). Dkt. No. [37]. Specifically, the Magistrate Judge first recommended dismissing Plaintiff's Title VII race discrimination claims, because she did not exhaust her administrative remedies. Id. at 33–38. Next, the Magistrate Judge recommended dismissing Plaintiff's ADA discrimination claims, because Plaintiff did not show an adverse employment action, a constructive discharge, or a failure to accommodate. Id. at 38–59. Lastly, the R&R recommended dismissing Plaintiff's ADA retaliation claim on the ground that she never suffered a materially adverse employment action. Id. at 59–67. Plaintiff objects to the Magistrate Judge's holdings, Dkt. No. [42] at 2–25, and the Court addresses each of Plaintiff's objections below.

### A. Title VII Race Discrimination

First, Plaintiff argues that the Magistrate Judge incorrectly held that she did not exhaust her administrative remedies for her Title VII race discrimination claims. Dkt. No. [42] at 9–11. Because Plaintiff identified her disability as the sole basis of discrimination in the Charge of Discrimination, the Magistrate Judge held that Plaintiff's race discrimination claims were outside the scope of the Equal Employment Opportunity Commission's ("EEOC") investigation. Dkt. No. [37] at 33–38. Plaintiff disagrees, contending that she (1) indicated both disability and racial discrimination in her EEOC filings and (2) attempted to

3

notify EEOC representatives regarding her race discrimination allegations. Dkt. No. [42] at 9–11.

The Court agrees with the Magistrate Judge. The Eleventh Circuit has "held that a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Gregory v. Ga. Dep't of Hum. Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)). Here, Plaintiff's Charge of Discrimination, which she signed, stated that the discrimination she faced was due to her disability, not her race. See Dkt. No. [25-3] at 1. In her objection, Plaintiff contends that she included allegations of racial discrimination in her original filing to the EEOC and her Charge of Discrimination, Dkt. No. [42] at 9–10, but the Court finds none.[1] Plaintiff also points to her efforts to include the racial discrimination claims after the Charge of Discrimination was issued. Id. (citing Dkt. No. [9-1] at 16). But as stated, the Charge of Discrimination—which Plaintiff acknowledged and signed—frames the scope of the EEOC's investigation. Thus, because Plaintiff's Charge of Discrimination only referenced her disability and included no racial discrimination allegations, the Court finds that Plaintiff's race discrimination

---

[1] Plaintiff cites to her EEOC complaint and contends that she discussed racial discrimination in this filing. Dkt. No. [42] at 9 (citing Dkt. No. [9-1] at 13). The Court does not find any reference to racial discrimination, because the exhibit she references only presents a photo of a confirmation and contains no substantive information regarding her original claims submitted to the EEOC.

claims were not within the scope of the EEOC's investigation. Therefore, she did not exhaust her administrative remedies, and the Court agrees with the Magistrate Judge regarding the dismissal of Plaintiff's Title VII race discrimination claims.

### B. ADA Discrimination and Failure to Accommodate

Second, Plaintiff argues that the Magistrate Judge incorrectly recommended dismissal of Plaintiff's claims based on discrimination and failure to accommodate under the ADA. Dkt. No. [42] at 11–19. First, for Plaintiff's discrimination claim, the R&R recommended dismissal, because there was no adverse employment action and Plaintiff was not subject to a constructive discharge. Dkt. No. [37] at 38–54. The Magistrate Judge also determined that Plaintiff did not present sufficient evidence for her failure to accommodate claim, because she failed to identify an accommodation that Defendant refused to provide. Id. at 55–59. Plaintiff opposes each of the Magistrate Judge's holdings, Dkt. No. [45] at 11–19, and the Court addresses the parties' arguments below.

#### *1. Discriminatory Demotion*

The Magistrate Judge recommended that Defendant was entitled to summary judgment on Plaintiff's discriminatory demotion claim "because she has failed to show that she was in fact demoted and therefore cannot show an adverse employment action to support her claim." Dkt. No. [37] at 46. Plaintiff objects to that holding but also contends that the Magistrate Judge failed to give sufficient weight to affidavits and evidence demonstrating Defendant's

discriminatory animus toward Plaintiff. Dkt. No. [42] at 5–9, 12–13. The Court agrees with the Magistrate Judge, but for a different reason.

First, Plaintiff objects to the Magistrate Judge's finding that she was not demoted. Dkt. No. [42] at 11–14. According to Plaintiff, she originally worked for Defendant as a "Counselor" beginning in 2016. Dkt. No. [27-3] at 6–8. In May 2021, Plaintiff requested leave pursuant to the Family and Medical Leave Act, and according to Plaintiff, once she returned to work from medical leave in July 2021, she was given the title of "Interim Director of Counseling" and began fulfilling the roles and responsibilities of the position. Dkt. No. [42] at 12. Shortly after, Plaintiff raised complaints to Human Resources and the College Administration regarding unfavorable treatment, denied accommodations, and intolerable work conditions. Id. at 12–13. Because of her complaints and requests for disability accommodations, Plaintiff contends that Defendant demoted her to the role of "Assistant Director of Counseling" and selected Karen Pruett as the "Director of Counseling" instead. Id. at 14. Therefore, Plaintiff argues that she was subject to unlawful discrimination through the demotion—an adverse employment action.

The Magistrate Judge and Defendant disagree with Plaintiff's characterization. Specifically, Defendant pointed to evidence demonstrating that Plaintiff never held the title of "Interim Director of Counseling." According to Defendant, when Plaintiff returned from medical leave, she remained in her role as a "Counselor" and was later promoted to "Assistant Director of Counseling" in

6

March 2022, rather than being demoted from "Interim Director." Dkt. No. [25-6] at 1. Defendant states that, on or around July 2021, there were discussions with Plaintiff regarding a potential promotion from "Counselor" to "Interim Director of Counseling," but Plaintiff was never promised the position and the "Interim Director of Counseling" role never materialized due to budgetary considerations. Dkt. No. [37] at 48 (citing Dkt. No. [27-1] ¶¶ 18–28). So, Defendant argued that Plaintiff was in fact never demoted but was rather promoted since she never served as the "Interim Director of Counseling," and the Magistrate Judge agreed.

    Despite Defendant's contention, the Court agrees with Plaintiff and finds that there is sufficient evidence she was demoted. Importantly, Plaintiff stated that she signed a contract for the position of "Interim Director of Counseling" in July 2021. Dkt. No. [42] at 3. Additionally, Plaintiff points to the affidavit of Brian Carlisle who stated that (1) he "witnessed the Plaintiff accept and sign[] the contract on or about July 20, 2021" for the "Interim Director" position and (2) he was "aware that the College [A]dministration issued a 'probationary period' . . . evaluating the Plaintiff's Director level abilities." Dkt. No. [35-2] ¶ 4. Lastly, throughout her objections, Plaintiff discussed that she began performing Director duties when she returned from medical leave and continued to do so until she resigned. See e.g., Dkt. No. [42] at 3. At summary judgment, the Court must examine the facts in the light most favorable to Plaintiff and finds that Plaintiff has put forth sufficient factual evidence that a jury could find that she held the position of "Interim Director of Counseling" and was subsequently demoted.

But even if a jury found that Plaintiff had been demoted, the Court must still determine whether Defendant took this action on account of Plaintiff's disability. For Plaintiff's discriminatory demotion claim, Plaintiff must not only demonstrate an adverse employment action, but she must also demonstrate that Defendant intentionally demoted her "because of her disability." Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007). Plaintiff can withstand summary judgment if she "presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." Smith v. Lockheed Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011) (citation modified). "A plaintiff may establish a 'convincing mosaic' by pointing to evidence that shows, 'among other things, (1) suspicious timing or ambiguous statements, (2) systematically better treatment of similarly situated employees, and (3) pretext.'" Reeves v. Columbus Consol. Gov't, No. 23-11463, 2024 WL 33903, at *2 (11th Cir. Jan. 3, 2024) (quoting Yelling v. St. Vincent's Health Sys., 82 F.4th 1329, 1342 (11th Cir. 2023)).

The Court holds that Plaintiff has not upheld her burden of demonstrating a "convincing mosaic" of discrimination based on her disability. First, Plaintiff does not point to any ambiguous statements that reasonably demonstrate an animus against her. For instance, she points to a statement from John Head where he said that "he did not make any promises to the Plaintiff" regarding the "Interim Director of Counseling" position. Dkt. No. [42] at 13 (citing Dkt. No. [35-3] ¶ 10). Plaintiff contends that this statement was discriminatory and

8

retaliatory, but the Court disagrees. Instead, Head is merely stating that he did not make a promise, which does not demonstrate any animus toward Plaintiff and makes no reference to her disability. Second, Plaintiff has not demonstrated that Defendant's reasons for hiring Karen Pruett as the "Director of Counseling" were pretextual. Defendant noted that Pruett was previously serving as the "Interim Dean of Students" in 2021 and "had a Ph.D. in Higher Education Administration and a Master of Education in Community Agency Counseling." Dkt. No. [25-1] at 21. Based on Pruett's education, role as the "Interim Dean of Students," and the need for financial restructuring, Defendant added "direction of the Counseling Center" to Pruett's responsibilities and felt that "she was the most qualified candidate" to lead both the Counseling Center and the Center for Leadership and Career Development. Id. Plaintiff only responds by stating that Pruett did not have the requisite license for that position. Dkt. No. [42] at 12, 16 (citing Dkt. No. [35-3] ¶ 13). The Court finds that this is insufficient to defeat Defendant's non-discriminatory reasoning for selecting Pruett as the "Director of Counseling," instead of Plaintiff.

 Ultimately, throughout Plaintiff's objections, she discusses her requests for accommodations and complaints about her intolerable working environment. Plaintiff contends that Defendant and its agents retaliated against her for these complaints, but the Court does not find any factual support for this argument. Plaintiff does not point to any statements, comments, actions, or work conditions that would allow a jury to find that Defendant took adverse actions because of her

disability. Therefore, even if Plaintiff put forth sufficient evidence that she suffered an adverse employment action through her demotion, she has not upheld her burden of showing that Defendant demoted her on account of her disability, as required by the ADA.

Second, in addition to the R&R's finding of no adverse employment action, Plaintiff takes issue with the lack of weight the R&R gave to Plaintiff's other evidence of discrimination. Dkt. No. [42] at 5–9. In the R&R, the Magistrate Judge held that the affidavits of Karen Pruett, Brian Carlisle, and Plaintiff could not be considered, because they discussed incidents and claims that were time-barred by the applicable statutory filing period. Dkt. No. [37] at 28–33. Plaintiff contends that the evidence in these affidavits should have been considered, because they were part of a pattern and continuing practice of discrimination that extended her statutory filing period. Dkt. No. [42] at 7–9. Defendant still argues that these claims are time-barred but contends that, even if they were considered, the evidence is still not sufficient to demonstrate discriminatory intent. Dkt. No. [43] at 17–20.

The Court agrees with Defendant. As stated previously, a plaintiff can survive summary judgment by showing a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." Tynes v. Fla. Dep't of Juv. Just., 88 F.4th 939, 946 (11th Cir. 2023). Here, Plaintiff relies on affidavits from Karen Pruett and Brian Carlisle as evidence of Defendant's discriminatory intent and animus. Specifically, Plaintiff points to Karen Pruett's

10

affidavit where she stated that "she was aware of and observed" the "retaliatory, discriminatory, and hostile working environment." Dkt. No. [42] at 5–6 (citing Dkt. No. [35-3] ¶ 4). Similarly, Brian Carlisle stated in his affidavit that Plaintiff met with him and raised concerns about the hostile work environment and the disparate treatment. Dkt. No. [42] at 6 (citing Dkt. No. [35-2] at 4).

Although Plaintiff's affidavits are consistent with her testimony, the Court finds that they present insufficient evidence of discrimination. Mainly, the testimony of Carlisle and Pruett do not include any new allegations or evidence. Rather, their affidavits simply state that they were aware of the work environment and the disparate treatment Plaintiff faced. See e.g., Dkt. No. [35-2] at 4 ("I am aware that . . . Plaintiff met with me concerning . . . the hostile and retaliative work environment . . . ."). Additionally, the affidavits reference discriminatory and retaliatory remarks in general but do not discuss concrete statements or actions taken by Defendant and its agents. Therefore, even if the R&R considered the evidence from Plaintiff's affidavits, the Court still holds that Plaintiff does not point to sufficient facts that would allow a reasonable jury to infer that Defendant had discriminatory intent. Thus, the Magistrate Judge did not err in dismissing Plaintiff's ADA claim based on a discriminatory demotion.

### *2. Constructive Discharge*

Next, the Magistrate Judge held that Plaintiff's discrimination claim based on a constructive discharge was also subject to dismissal. Dkt. No. [37] at 50–54. Specifically, the R&R found that Plaintiff's working conditions were not so

intolerable that her only choice was to resign. Id. at 54. In response, Plaintiff contends that she supported her claim with a pattern of discriminatory treatment, retaliation, and intolerable work conditions that are sufficient to withstand summary judgment on this claim. Dkt. No. [42] at 14–17. Based on the record evidence, the Court agrees with the Magistrate Judge.

"Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces [her] to quit [her] job." Davis v. Legal Servs. Ala., Inc., 19 F.4th 1261, 1268 (11th Cir. 2021) (citing Bryant v. Jones, 575 F.3d 1281, 1298 (11th Cir. 2009)). Importantly, when examining constructive discharge claims, courts do not consider the plaintiff's subjective feelings but instead employ "an objective standard." Doe v. Dekalb Cnty. Sch. Dist., 145 F.3d 1441, 1451 (11th Cir. 1998)). Plaintiff's objection points to (1) an "intolerable workload" due to serving as the only full-time staff member, (2) being marginalized and reprimanded for raising complaints to Human Resources and the College Administration, (3) no accommodations to support her disability, and (4) not being compensated for performing duties of the "Interim Director of Counseling" role. Dkt. No. [42] at 16–17. Plaintiff contends that these conditions gave her no choice but to resign. Id.

The Court disagrees. Although Plaintiff's work conditions were not favorable, Plaintiff does not point to any actions by Defendant that were so pervasive and severe that a reasonable person would believe that their only option was to resign. Instead, the facts of this case resemble Hill v. Winn-Dixie

12

Stores, Inc., 934 F.2d 1518 (11th Cir. 1991), where the Eleventh Circuit held that working conditions were not intolerable even when there was a formal written reprimand by managers, criticism by supervisors, and withdrawal of customary support of store departments. Id. at 1527. Additionally, Plaintiff references retaliatory and discriminatory acts, but the Court finds no evidence of them in the record as she does not point to concrete statements or acts of discrimination in response to her complaints. Again, Plaintiff relies on her alleged demotion to "Assistant Director of Counseling," but the Court finds that this is insufficient to support a constructive discharge claim. See Wardwell v. Sch. Bd. of Palm Beach Cnty, Fla., 786 F.2d 1554, 1557–58 (11th Cir. 1986) (holding that "the failure to promote" along with being "overburdened with work" did not constitute the intolerable working conditions necessary for a constructive discharge claim). Therefore, the Court agrees with the Magistrate Judge and finds that Plaintiff's evidence does not satisfy the high bar for a constructive discharge claim.

### 3. Failure to Accommodate

Lastly, for Plaintiff's ADA discrimination claim, the R&R recommended dismissal of Plaintiff's failure to accommodate claim, because she did not demonstrate a specific request for an accommodation that Defendant refused to provide. Dkt. No. [37] at 55–59. The Court agrees with the Magistrate Judge. For this claim, Plaintiff must show that (1) she is disabled, (2) she is a qualified individual, and (3) she was discriminated against by way of Defendant's failure to provide a reasonable accommodation. See Lucas v. W.W. Grainger, Inc., 257 F.3d

13

1249, 1255 (11th Cir. 2001). "The plaintiff bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows [her] to perform the job's essential functions." Id. at 1255–56. Despite Plaintiff's objection where she contends that she requested several accommodations, Plaintiff has failed to identify a *specific*, reasonable accommodation. In her cited affidavits, Plaintiff does not present evidence that she requested a different schedule, a change in work location, or any other similar accommodation that was denied.[2] Plaintiff cannot refer to accommodations in general; she must show that she was denied a specific request that would allow her to perform her job's functions. She simply has not done that here. Therefore, Plaintiff has not demonstrated the required elements for a failure to accommodate claim, and the Court agrees with the Magistrate Judge that Plaintiff's ADA failure to accommodate claim is subject to dismissal.

### C. ADA Retaliation

Lastly, the Magistrate Judge recommended dismissal of Plaintiff's claim for retaliation under the ADA, because she did not suffer a materially adverse employment action. Dkt. No. [37] at 59–67. Plaintiff's objection contends that she raised complaints regarding her disability accommodations and was subsequently demoted, constituting an adverse employment action and

---

[2] Defendant, rather than Plaintiff, points to Plaintiff's accommodation request to work part-time after she returned from her medical leave in July 2021. Dkt. No. [43] at 20–21. According to Defendant, this request was granted, and Plaintiff did not request any other accommodations until she resigned in June 2022. Id. at 21.

retaliation under the ADA. Dkt. No. [42] at 21. The Court agrees that Plaintiff was demoted but finds that her allegations do not establish a prima facie claim for retaliation.

"To establish a prima facie retaliation case, a plaintiff must show that: (1) she engaged in statutorily protected expression; (2) she suffered a materially adverse employment action; and (3) there was some causal connection between the two events." Brown v. State Farm Mut. Auto. Ins. Co., 770 F. Supp. 3d 1355, 1387 (N.D. Ga. 2025) (citing Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002)). The Magistrate Judge determined that Plaintiff had not shown an adverse employment action, but as stated above, the Court disagrees and finds that Plaintiff produced sufficient evidence that she was demoted and suffered a materially adverse employment action. See Crawford v. Carroll, 529 F.3d 961, 970–71 (11th Cir. 2008) (requiring the plaintiff to show "a serious and material change in the terms, conditions, or privileges of employment"). Despite this, the Court still holds that Plaintiff's retaliation claim fails, because she has not demonstrated a sufficient causal connection between her demotion and the exercise of her rights under the ADA.

Here, Plaintiff contends that she was demoted, because she made complaints about discriminatory acts, a lack of workplace accommodations, and the negative impact her work environment had on her disability. Dkt. No. [42] at 20. Despite this contention, Plaintiff does not sufficiently connect her complaints to her demotion, especially where she does not point to comments or actions by

Defendant related to her requests for accommodations. Additionally, Plaintiff does not discuss statements that can reasonably be interpreted as having a discriminatory animus regarding her disability. Therefore, even if Plaintiff demonstrated a materially adverse employment action, she has not shown that her demotion was retaliatory and on account of her disability. Thus, Plaintiff's claim for retaliation under the ADA is subject to dismissal, and the Court overrules Plaintiff's objections.

### III.   CONCLUSION

In accordance with the foregoing, the Court **OVERRULES** Plaintiff's Objections [42] and **ADOPTS** the Magistrate Judge's R&R [37] as the opinion of this Court. Defendant's Motion for Summary Judgment [25] is **GRANTED**. Defendant's Motion for Leave to File Matters Under Seal [26] is also **GRANTED**. Plaintiff's claims are **DISMISSED**, and the Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 10th day of September, 2025.

_____
**Leigh Martin May**
**Chief United States District Judge**